## KAHINU et al. vs. AEA.

### EJECTMENT. BEFORE WIDEMANN, J.

### JANUARY TERM, 1872.

Real and personal property, as defined by Sections 483 and 484 Civil Code, must be held to be the same kind of property so designated in American, English, and Continental law.

A custom of natives in former times to remove houses does not warrant the conclusion that a house is personal property.

### DECISION OF WIDEMANN, J.

This is an action to recover an undivided two-thirds interest in a certain piece of land, and a two-story frame house thereon standing, situate on Alakea street, Honolulu, particularly described in the bill of complaint, by right of descent of the plaintiffs, Kahinu and Kikia, from Nahinu (w.), who purchased this lot in 1864, and died intestate in 1867.

The defendant claims two undivided fourths of the land as described in the complaint, and all the buildings and improvements on the whole said land as his own (personal) property.

It appeared in evidence that the plaintiffs, Kahinu and Kikia, 1; Kahalau (k.), of Lanai, 2; Kaupehe (w.), 3; and Meheula (w.), 4; are co-heirs of said Nahinu, and severally entitled to one-fourth interest in said real property; that the defendant (Aea) has purchased the interest of Kaupehe 3, and Meheula 4, therein; that the defendant has purchased from Kaaua, the surviving husband of Nahinu, all the personalty, and thus defendant is in possession of the premises since 1868. No evidence was given of rents and profits.

This is not a claim to buildings erected on another's land by permission of the owner, with an understanding that they may remain the property of the person who erected them, and subject to removal by him at his option. At the date of Kaaua's deed, in 1868, he had no title to the premises to convey, nor could he give a license for buildings erected thereon.

The building here in question is a two-story wooden building, erected during the lifetime of the said Nahinu, and is no more to be regarded as personalty because it was occupied by natives than if occupied by foreigners. To declare that a permanent structure of this kind is personal property because natives in former times frequently removed their house frame to another locality, would be to define real and personal property, not by its inherent nature, but by the views of those who held it. Such an adjudication would involve us in a changeable and contradictory system of law. The only safe way is to regard real and personal property as defined. by our statutes, Sections 483 and 484 of the Civil Code, to intend and mean the same kind of property so designated in American, English, and Continental law.

Judgment is ordered for the plaintiffs for the title shown, *i.e.*, one undivided fourth in the premises claimed, with costs.

Had the defendant rested his claim upon his two undivided fourths in the real estate, costs would have gone in his favor.

*S. B. Dole,* for plaintiff.

*A. F. Judd,* for defendant.

Honolulu, 15th February, 1872.